**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| Derrick Shawn Turner, #309386, | ) |
| Petitioner, | ) Civil Action No. 3:11-1789-CMC-JRM |
| v. | ) **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, Warden, | ) |
| Respondent. | ) |

Petitioner, Derrick Shawn Turner ("Turner"), is an inmate with the South Carolina Department of Corrections serving a sentence of life imprisonment for murder and burglary. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 28, 2011. Respondent filed a return and motion for summary judgment on September 20, 2011. Because Hoefer is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 21, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Turner did not file a response to Respondent's motion for summary judgment. Instead, on October 12, 2011, he filed a motion to withdraw his habeas petition.

**Background and Procedural History**

Turner had a turbulent relationship with Tajuana Nesbitt which produced three children. Nesbitt and the children moved in with Nesbitt's sister. On February 18, 2003 in Spartanburg

County, Turner broke into the home occupied by Nesbitt, her sister and children, and shot Nesbitt with a rifle. Turner was arrested after a standoff with police and charged with murder and burglary. Turner was represented by Karen Quimby, Esquire. He entered pleas of guilty on May 31, 2005 and was sentenced to life imprisonment.

An Anders[1] brief was filed on Turner's behalf by the South Carolina Office of Appellate Defense rasing the following issue:

> Does appellant's denial of the state's factual allegations show that he misunderstood the nature and consequences of his guilty plea?

Turner did not file a *pro se* brief. The Court of Appeals of South Carolina dismissed the appeal on May 22, 2007. *See* State v. Turner, Unpubl.Op.No. 2007-UP-247 (Ct.App., filed May 22, 2007). The Remittitur was returned on June 7, 2007.

Turner filed an application for post-conviction relief ("PCR") on October 5, 2007. (App. 43). He was represented by Shawn M. Campbell, Esquire, who filed an amended application. (App. 61). An evidentiary hearing was held on July 29, 2009. Turner, his mother, and trial counsel testified. The PCR court issued an order of dismissal filed October 8, 2009. (App. 98). A Johnson[2] petition was filed on Turner's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

> Petitioner's plea was given involuntarily in the case because he was coerced into pleading guilty as charged due to threats made against him from the solicitor assigned to the case.

The Supreme Court of South Carolina denied the petition for writ of certiorari on January 19, 2011. Turner filed a *pro se* petition for a rehearing on January 27, 2011. The Supreme Court denied the

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

petition on February 7, 2011, but vacated its initial order and issued a new order correcting the first order by stating that Turner did not file a *pro se* brief. The Remittitur was returned on February 11, 2011.

On August 11, 2011, Turner filed a second PCR. In that case, Turner asserts that the first PCR court violated S.C.Code Ann. § 17-27-80[3] and that there was a failure to evaluate his military records.[4] This action appears to be pending.

### **Grounds for Relief**

In his present petition, Turner asserts he is entitled to a writ of habeas corpus on the following grounds:

> **Ground One**: Does Appellant denial of the state's factual allegation show that he misunderstood the nature and consequences of guilty plea.
>
>> **Supporting facts**: Appellant denied states factual basis for guilty plea. The trial judge asked if appellant agreed with state facts. Appellant responded "some of things I don't agree with" about the threats and stuff" when pressed by the Judge appellant admitted that he broke into house and shot victim. In spite admission, appellant denial of states version invalidates plea.
>
> **Ground Two**: Ineffective assistance of counsel in that (a) counsel failed to object to sentencing.
>
>> **Supporting facts**: Petitioner recieved[sic] two concurrent life terms on a guilty plea. [C]ounsel failed to object to arbitrary sentencing.
>
> **Ground Three**: Innefective[sic] assistance of counsel (B) Failed to Inform that evidence could have been suppressed.

---

[3]This statute requires a PCR court to make separate findings of fact and conclusions of law as to each issue presented in a PCR.

[4]The undersigned assumes that this ground alleges a failure of the sentencing court to evaluate his military service.

3

> **Supporting facts**: There was evidence that the search warrent[sic] for crime scene and search warrent[sic] Applicant's DNA could have been challenge in a Franks hearing. Applicants trail counsel never advise that to Applicant. That a forth[sic] Amendment violation took place.

## Petitioner's Motion to Dismiss

As noted above, Turner did not file a response to Respondent's motion for summary judgment, but instead filed a motion to withdraw his habeas petition because he "has not exhausted state remedies on claims presented before this court" and because he wishes "to concentrate on new PCR application brought forth in state court." By this motion Turner appears to agree that he is not entitled to habeas relief on the grounds raised in the petition before this Court. It is recommended that Turner's motion to dismiss this action be **granted**, without prejudice. If the Court adopts this recommendation, it is further recommended that Respondent's motion for summary judgment should be mooted. Alternatively, it is recommended that Respondent's motion for summary judgment should be granted, as it appears that Petitioner concedes that his present claims are procedurally barred.[5]

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
May 11, 2012

**The parties are referred to the Notice Page attached hereto.**

---

[5]Turner should be advised that dismissal of this action may limit his opportunity to return to this Court if he is unsuccessful in gaining relief pursuant to his pending PCR. *See* 28 U.S.C. § 2244.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).